IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Richard Leo Williams, )
    Petitioner, )
)
v. ) 1:18cv1541 (CMH/JFA)
)
Harold Clarke, )
    Respondent. )

## MEMORANDUM OPINION

Richard L. Williams, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. [Dkt. No. 1]. He challenges his robbery conviction entered in the Circuit Court of the City of Fredericksburg. Respondent Harold Clarke has filed a motion to dismiss and Rule 5 answer. [Dkt. Nos. 16–17]. Williams was notified of his ability to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(k), [Dkt. No. 19], and he opposes respondent's motion, [Dkt. No. 22]. For the reasons explained below, respondent's motion to dismiss will be granted, and the petition will be dismissed.[1]

### I. Background & Procedural History

After the prosecution completed its case-in-chief at Williams's trial for charges of robbery and abduction with intent to extort money or pecuniary benefit, Williams pleaded guilty to the robbery charge, and the trial judge granted his motion to strike the abduction charge under the incidental detention doctrine. [Resp't Ex. D; 2/16/16 Trial Order]. The trial judge imposed a

---

[1] Williams also filed two motions to remand for resentencing, which reiterate claims raised in the § 2254 petition. [Dkt. Nos. 15, 24]. These motions must be denied for the same reasons as the petition.

20-year prison sentence with 10 years suspended. [Resp't Ex. B]. Additionally, the trial judge found that Williams had violated the terms of his probation for prior convictions, and revoked two years and ten months of his previously suspended sentence. [Id.].

Williams appealed, but his appointed lawyer determined that no meritorious ground existed to appeal and sought leave to withdraw as counsel under Anders v. California, 386 U.S. 738 (1967). [Resp't Ex. A]. In the Anders brief counsel noted that Williams sought to appeal on the ground that the trial court abused its discretion by imposing excessive sentences. [Id.]. The Court of Appeals of Virginia concluded that the trial judge did not abuse his discretion and denied the petition for appeal on May 16, 2017. [Resp't Ex. B]. The appellate court also considered Williams's three pro se submissions and denied his additional claims that (1) he was denied effective assistance of counsel; and (2) there was a conflict of interest between the trial judge, the Commonwealth's Attorney, and his appointed lawyer. [Id.]. The appellate court denied the claim of ineffective assistance of counsel because that claim is not cognizable on direct review. [Id.]. And the court concluded that the conflict claim was barred under Rule 5A:18 because Williams did not raise the issue at trial. [Id.]. The appellate court denied Williams's petition for rehearing on June 26, 2017. [Resp't Ex. C]. The Supreme Court of Virginia dismissed the appeal on January 31, 2018 under Rule 5:14(a) because Williams did not perfect the appeal by filing the notice of appeal in the Virginia Court of Appeals. [Resp't Ex. E].

While the direct appeal was pending, Williams sought state habeas relief in the Supreme Court of Virginia, in which he brought the following relevant claims:

(1) The trial judge was biased because he lived near the store Williams robbed;

(2) The trial judge demonstrated racial bias by sentencing Williams, who is black, more harshly than similarly situated white defendants; and

2

(3) Trial counsel was ineffective because she told Williams that her law partner had "a close relationship" with the prosecutor and would "talk" to the prosecutor about his sentencing.

[Resp't Ex. D].

The Supreme Court of Virginia dismissed the petition on June 22, 2017, shortly after the Court of Appeals of Virginia denied William's direct appeal on May 16, 2017. [Id.]. The court concluded that the claims of judicial bias were barred under Brooks v. Peyton, 171 S.E.2d 243, 246 (Va. 1969), because "a petition for a writ of habeas corpus may not be employed as a substitute for an appeal." [Id.]. For the claim of ineffective assistance of counsel, the court concluded that the claim failed under the performance and prejudice considerations of the test outlined in Strickland v. Washington, 466 U.S. 668 (1984). [Id.].

Williams filed a second state petition for a writ of habeas corpus in the Supreme Court of Virginia on May 25, 2018. [Record No. 180698, Second State Habeas Pet'n]. As relevant here, Williams claimed that he received ineffective assistance of appellate counsel because appellate counsel failed to perfect his direct appeal. [Id.]. The Supreme Court of Virginia granted the writ on that ground on November 19, 2018. [Resp't Ex. F].

Through newly appointed appellate counsel, Williams filed a petition for appeal on February 4, 2019. [Record No. 1035-16-2, Notice of Appeal]. The Supreme Court of Virginia refused the petition on July 8, 2019. [Dkt. No. 27-1, Ex. A].

Shortly after securing the writ from the Supreme Court of Virginia (and before the newly opened direct appeal was resolved), Williams filed the § 2254 petition in this Court on December 13, 2018. [Dkt. No. 1]. He raises the following claims:

(1)(A) The trial judge was biased because he lived near the location of the robbery;

(1)(B) The trial judge demonstrated racial bias toward Williams, who is black, by sentencing similarly situated white offenders to lesser sentences;

(2) The trial judge's bias resulted in a constitutionally unfair trial;

(3)(A) Trial counsel was ineffective for failing to raise the issue of judicial bias;

(3)(B) Trial counsel was ineffective because counsel had a conflict of interest, namely that counsel's law partner "is a mother figure" to the prosecutor and failed to "work out a deal"; and

(4) Appellate counsel was ineffective for "neglect[ing] issues that were clearly stronger than arguments raised on appeal," specifically, judicial bias.

[Dkt. No. 1].

### III. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), if a state court has adjudicated a petitioner's claim on the merits, a federal court may grant a petition for a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court proceedings (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When § 2254(d) applies, a petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Virginia v. LeBlanc, 137 S. Ct. 1726, 1728 (2017) (internal quotation marks and citation omitted).

## IV. Analysis

### A. Exhaustion

The AEDPA requires prisoners to exhaust all state remedies before filing a federal petition for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A); see Williams v. Stirling, 914 F.3d 302, 311 (4th Cir. 2019). This requirement is met by "fairly present[ing] [a] claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted). The requirement is technically met when a state procedural rule would bar the state's later consideration of an unexhausted claim. Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006).

Because the reopened direct appeal was still pending when Williams filed the § 2254 petition, but has since been resolved, the Court directed the parties to address whether Williams has any unexhausted claims warranting the Court to stay this action or dismiss it without prejudice. [Dkt. No. 26]. Respondent answered that "if Williams intends for his claim of ineffective assistance of appellate counsel to apply to his new appellate counsel," the claim would be unexhausted. [Dkt. No. 27]. But, respondent adds, Williams has not, as of March 4, 2020, filed a state habeas petition based on the reopened direct appeal.[2] [Id.]. Williams has not responded to confirm whether he intends to pursue any additional claims of ineffective assistance of appellate counsel. Thus, this is not a mixed petition with unexhausted claims, and the Court therefore may proceed to evaluate the § 2254 petition. See Samples v. Ballard, 860 F.3d 266, 269 n.2 (4th Cir. 2017).

---

[2] This remains true as of March 16, 2020. See http://www.courts.state.va.us/caseinfo/home.html.

## B. Procedural Default

A claim is procedurally defaulted "if a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." Woodfolk v. Maynard, 857 F.3d 531, 543 (4th Cir. 2017) (internal quotation marks, brackets, and citation omitted). When that occurs, the default may be excused to allow federal review only if the petitioner shows (1) cause for the default and resulting prejudice, or (2) that the failure to evaluate the claim will result in a fundamental miscarriage of justice. Id. Cause may be shown by demonstrating ineffective assistance of counsel or that "some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).

### i. Grounds (1)(A), (1)(B), (2), (3)(A), & (4): Procedural Default of Judicial Bias Claims

Williams brings two independent claims of judicial bias (Grounds (1)(A) & (1)(B)), which he also contends resulted in an unfair trial (Ground (2)). First, he asserts that the trial judge was biased because he lived and worked near the location of the robbery. Second, because the judge sentenced three white men who committed similar crimes to lesser sentences, Williams contends that the judge exhibited racial bias during his sentencing. Respondent argues that these three claims are exhausted but defaulted.

Respondent is correct. When evaluating Williams's original state habeas petition, the Supreme Court of Virginia concluded that the claims of judicial bias were barred under Brooks v. Peyton, 171 S.E. 2d 243, 246 (Va. 1969), which holds that a petitioner may not "employ a writ of habeas corpus as a substitute for an appeal." [Resp't Ex. D]. The Supreme Court of Virginia's reliance on Brooks is an independent and adequate state law bar to this Court's review.

See Johnson v. Muncy, 830 F.2d 508, 511–12 (4th Cir. 1987); Farabee v. Clarke, No. 2:15cv256, 2018 WL 9801578, at *15 (E.D. Va. July 3, 2018); Jeffers v. Allen, No. 1:15cv808, 2016 WL 8731439, at *3 (E.D. Va. Mar. 18, 2016); see also Lewis v. Wheeler, 609 F.3d 291, 308–09 (4th Cir. 2010) (holding that similar rule of Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974)—barring petitioners from bringing non-jurisdictional claims that could have been brought on direct review—is an independent and adequate state procedural rule).

Williams counters that ineffective assistance of appellate counsel serves as cause to overcome the defaults—a contention he also raises as an independent ground for relief in Ground (4) and which will be addressed here. Although ineffective assistance of counsel may establish cause for a default, the AEDPA's exhaustion doctrine "requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Murray, 477 U.S. at 488–89; see also Swisher v. True, 325 F.3d 225, 231 (4th Cir. 2003). Williams did not raise this claim of ineffective assistance of appellate counsel in his first state habeas petition. And in the second round of state habeas, the Supreme Court of Virginia rejected Williams's attempt to fault counsel for failing to raise the bias issues because Williams brought them in violation of Supreme Court Rule 5:7(e), [Resp't Ex. F], thus defaulting this claim again, see Walden v. Clark, No. 7:17cv398, 2018 WL 2306901, at *4–5 (W.D. Va. May 21, 2018) (recognizing that a claim is defaulted when Virginia Supreme Court disregards it under Rule 5:7(e)).

The only explanation Williams offers to excuse the default is that he "didn't know what he was doing." [Dkt. No. 22, Pet'r Resp. to Mot. to Dismiss, at 5). That is insufficient: A "petitioner's alleged lack of knowledge must be due to a lack of reasonable access to the rules," rather than "from basic ignorance of the rules or the law." Watson v. State of New Mexico, 45

F.3d 385, 388 (10th Cir. 1995); see also Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir. 2004) (concluding that petitioner's pro se status and ignorance of law and procedural requirements do not establish cause for excusing procedural default). And Williams makes no allegation that he was blocked from accessing any procedural rules. Thus, Grounds (1)(A), (1)(B), (2), and (4) are procedurally defaulted and must be dismissed.

Relatedly, in Ground (3)(A) Williams brings an independent claim asserting that trial counsel was ineffective for failing to raise the issue of judicial bias during his criminal proceedings. Like the claim targeting appellate counsel, Williams neither raised this claim in his initial state habeas proceedings nor raised it properly during the second state habeas proceedings. Thus, Ground (3)(A) is procedurally defaulted for the same reasons as Ground (4) and also must be dismissed.

## C. Merits Review

### i. Ground (3)(B): Conflicted, Ineffective Assistance of Trial Counsel

Williams claims that his trial lawyer provided constitutionally ineffective assistance because the attorney's law partner is a "mother figure" to the state prosecutor assigned to his case and was supposed to "work out a deal." [Dkt. No. 1]. He frames this as a conflict. [Id.].

> The Supreme Court of Virginia rejected this claim under Strickland:
>
> The Court holds this . . . claim satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. Petitioner fails to explain how this alleged assurance by counsel constituted ineffective assistance of counsel. Petitioner does not allege counsel failed to follow through on her assurance that her partner would talk to the prosecutor. Further, assuming counsel did not follow through on her assurance, petitioner has failed to articulate how sentencing would have been different had counsel's partner spoken with the prosecutor. Thus, petitioner has failed to demonstrate that counsel's performance was

deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

[Resp't Ex. D].

To prevail on a claim of ineffective assistance of counsel, Williams must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "that any such deficiency was 'prejudicial to the defense.'" Garza v. Idaho, 139 S. Ct. 738, 744 (2019) (quoting Strickland, 466 U.S. at 687–88, 692). But when a Strickland claim has been reviewed on the merits by a state court, as it was here, this Court's review is doubly deferential because it "defer[s] to the state court's judgment, and under clearly established Supreme Court precedent, the state court defers to counsel's presumptive 'sound trial strategy.'" Morva v. Zook, 821 F.3d 517, 528 (4th Cir. 2016) (quoting Strickland, 466 U.S. at 689). Accordingly, when § 2254(d) applies to a Strickland claim, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 562 U.S. 86, 105 (2011).

Williams has not met this burden. Despite Williams's insistence that the prosecutor would have "listen[ed] to" the law partner, [Dkt. No. 1, at 18], he has provided no particularities about what that hypothetical conversation would have entailed. Nor has he stated how it was counsel's fault that the conversation allegedly never took place. And to the extent he asserts that counsel had a conflict of interest, he has not "shown that his counsel 'actively represented conflicting interests,' [which] is the 'constitutional predicate' for an ineffective assistance claim" based on an alleged conflict. United States v. Dehlinger, 740 F.3d 315, 322 (4th Cir. 2014) (quoting Cuyler v. Sullivan, 446 U.S. 335, 350 (1980)). Without any of this information, Williams cannot cast doubt on the presumption that counsel provided deficient performance that prejudiced the outcome of his sentencing proceedings. Ground 3(b) therefore must be dismissed.

## V. Conclusion

For the reasons stated above, respondent's motion to dismiss [Dkt. No. 16] will be granted, and a certificate of appealability will be denied. The § 2254 petition will be dismissed with prejudice through an Order that will issue alongside this Memorandum Opinion.

Entered this 18th day of March 2020.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia